IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MORGAN O'BRIANT,<br><br>    Plaintiff,<br><br>v.<br><br>JIM GLOVER CDJR, LLC,<br>an Oklahoma limited liability<br>company,<br><br>    Defendant. | Case No. 26-cv-00028-SEH-SH |

## OPINION & ORDER

  Before the Court is the parties' Joint Motion to Enter Agreed Order Granting Defendant's Motion to Stay Proceedings and Compel Arbitration [ECF No. 17]. The parties state that they have "negotiated an agreed order" granting Defendant's Motion to Stay Proceedings and Compel Arbitration [ECF No. 12]. Attached to their motion is a proposed order compelling Plaintiff to submit her dispute to arbitration and staying this case while arbitration proceeds. [ECF No. 17-1]. The proposed order specifically reserves Plaintiff's right to challenge before the arbitrator the scope and applicability of any relevant arbitration agreement, as well as the arbitrability of her claims. [*Id*. at 1].

  Because the entirety of the joint motion consists of only five sentences and cites no authority, it is not clear whether the parties seek to stay this action

pursuant to a district court's inherent authority to manage its docket, the Federal Arbitration Act ("FAA"), or some other authority. The proposed order similarly fails in this respect.

However, Defendant's motion to compel arbitration sets out the relevant FAA procedural statute:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, ***upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement***, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

[ECF No. 12 at 4]; 9 U.S.C. § 3 (emphasis added). Also, Plaintiff attaches to her complaint three documents related to the purchase of a 2023 Dodge Durango containing arbitration provisions—a Retail Installment Sale Contract [ECF No. 1-3 at 32–35], Purchase Agreement [ECF No. 1-9 at 3–4], and a Dispute Resolution Clause [ECF No. 1-3 at 37] (collectively, "arbitration agreements"). All three arbitration agreements contain Plaintiff's signature and include language showing that any dispute arising out of the sale of the vehicle is subject to arbitration. [ECF No. 1-3 at 32, 35, 37; ECF No. 1-9 at 3]. The arbitration provision of the Retail Installment Sale Contract provides that "the arbitrability of the claim or dispute … shall … be

resolved by neutral, binding arbitration and not by a court action." [ECF No. 1-3 at 35]. And the arbitration clause within the Purchase Agreement states, "the determination of the scope or applicability of this agreement to arbitrate[] shall be determined by arbitration[.]" [ECF No. 1-9 at 3].

The FAA provides that "an agreement in writing to submit to arbitration an existing controversy arising out of such a contract … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]" 9 U.S.C. § 2. "The issue of whether an arbitration agreement was formed between the parties must always be decided by a court[.]" *Fedor v. United Healthcare, Inc.*, 976 F.3d 1100, 1105 (10th Cir. 2020). When there is "clear and unmistakable evidence" that the parties agreed to delegate issues of arbitrability—e.g., the validity, scope, or enforcement of an arbitration agreement—these issues are delegated to the arbitrator. *Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1281 (10th Cir. 2017) (cleaned up); *Fedor*, 976 F.3d at 1105.

To determine whether a party has agreed to arbitrate, courts apply state-law principles that govern the formation of contracts. *Jacks v. CMH Homes, Inc.*, 856 F.3d 1301, 1304 (10th Cir. 2017). Under Oklahoma law, "a contract will be governed by the laws of the state where the contract was entered into unless otherwise agreed and unless contrary to the law or public policy of the state where enforcement is sought." *Berry and Berry Acquisitions, LLC v.*

*BFN Properties LLC*, 416 P.3d 1061, 1068 (Okla. 2018). Here, there is no dispute that Plaintiff signed the arbitration agreements in Oklahoma.

A contract formed under Oklahoma law "is an agreement to do or not to do a certain thing." 15 O.S. § 1. Every Oklahoma contract requires: (1) "[p]arties capable of contracting"; (2) "[t]heir consent"; (3) "[a] lawful object"; and (4) "[s]ufficient … consideration." 15 O.S. § 2. "An offer becomes a binding promise and results in a contract only when it is accepted. To constitute acceptance, there must be an expression of the intent to accept the offer, by word, sign, writing or act, communicated or delivered to the person making the offer or the offeror's agent." *Garrison v. Bechtel Corp.*, 889 P.2d 273, 281 (Okla. 1995). Here, the parties do not dispute that Plaintiff signed the arbitration agreements in consideration for a 2023 Dodge Durango, as evidenced by her signature. Therefore, the Court finds that Plaintiff and Defendant formed a contract under Oklahoma law.

Based upon the documents attached to Plaintiff's complaint, the Court finds sufficient evidence to demonstrate the parties formed an agreement to arbitrate. However, the scope and applicability of that agreement, and the arbitrability of Plaintiff's claim will be for the arbitrator. "[P]arties may agree to have an arbitrator decide not only the merits of a particular dispute but also 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular

controversy." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 67–68 (2019) (quoting *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010)) (internal quotation marks omitted). An "agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Id*. "When the parties' agreement contains a provision that delegates the arbitrability question to an arbitrator 'by clear and unmistakable evidence,'" the "court may not override the contract," and "possesses no power to decide the arbitrability issue." *Walker v. Dillard's, Inc.*, No. CV 17-657 MV/KK, 2019 WL 1283001, at *4 (D.N.M. Mar. 20, 2019) (quoting *Henry Schein,* 586 U.S. at 68–69). Here, the arbitration agreements clearly and unmistakably delegate to the arbitrator any dispute concerning the scope and applicability of the agreements, and the arbitrability of Plaintiff's claims.

Having fully reviewed the record, the Court is satisfied that "the issue involved in [this] proceeding is referable to arbitration" pursuant to written arbitration agreements between the parties. Upon a party's request and a finding that a dispute is subject to arbitration, the FAA requires the Court to stay the action until arbitration has concluded. 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472 (2024). The parties have requested a stay upon the Court granting Defendant's motion to compel arbitration. [ECF No. 17].

Therefore, the Court finds that the case should be stayed, pending arbitration.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Enter Agreed Order Granting Defendant's Motion to Stay Proceedings and Compel Arbitration [ECF No. 17] is GRANTED, in part, and DENIED, in part. It is granted as to the parties' request that the Court grant Defendant's motion [ECF No. 12], stay the case, and compel arbitration. It is denied as to the entry of the order proposed by the parties, for the reasons set out above.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay Proceedings and Compel Arbitration [ECF No. 12] is GRANTED. The case is STAYED pending arbitration under the terms of the arbitration agreements, and the Clerk shall administratively close this case, to be reopened upon application of either party following arbitration.

DATED this day of 20th day of February, 2026.

Sara E. Hill
UNITED STATES DISTRICT JUDGE